UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re LINDSAY JENKINS,

                              Debtor.

LINDSAY JENKINS,                                  **MEMORANDUM & ORDER**
                                                          17-CV-5819 (PKC)
                              Appellant,

            -against-

WILLIAM K. HARRINGTON, as UNITED
STATES TRUSTEE,

                              Appellee.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

      Appellant Lindsay Jenkins appeals the September 17, 2017 order of the United States Bankruptcy Court of the Eastern District of New York converting Appellant's Chapter 11 bankruptcy case to a Chapter 7 bankruptcy case. For the reasons stated herein, the Order of the Bankruptcy Court is affirmed.

## BACKGROUND

      The Court assumes the parties' familiarity with the facts in this case and thus recites them only to the extent relevant to the Court's analysis.

      On December 7, 2010, Judge Nicholas G. Garaufis entered a filing injunction in this court (the "EDNY Injunction") against Appellant, enjoining her "from filing or intervening in any future action in the federal courts without first obtaining leave of court to do so", due to her "abusive" litigation practices. *Jenkins v. Eaton*, No. 08-CV-0713 (NGG)(LB), 2010 WL 5071995, at *2-3 (E.D.N.Y. Dec. 7, 2010). In entering the EDNY Injunction, Judge Garaufis considered Appellant's "extensive history of vexatious and baseless lawsuits", including, at the time, "over thirty federal

court cases, in multiple states, . . . [and] nine cases filed in the Eastern District of New York." *Id.* at *1; *see also Jenkins v. Eaton*, No. 08-CV-713 (NGG)(LB), 2010 WL 3861050, at *5 (E.D.N.Y. Aug. 25, 2010) (collecting cases), *report and recommendation adopted*, No. 08-CV-0713 (NGG)(LB), 2010 WL 3842412 (E.D.N.Y. Sept. 28, 2010).[1] Judge Garaufis held that "[f]ailure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave to file, or to dismiss a lawsuit, and may also be considered sufficient grounds upon which to levy additional sanctions on Plaintiff[.]" *Jenkins*, 2010 WL 5071995, at *3. Appellant's domestic partner, Anthony Martin-Trigona ("Martin"), an infamously vexatious litigant in his own right and a creditor in the instant action, is also "subject to an extraordinarily broad filing injunction." *Id.* at *2 (citing *In re Martin-Trigona*, 592 F. Supp. 1566 (D. Conn. 1984)).

On February 23, 2017, Appellant filed a counseled voluntary petition for Chapter 11 bankruptcy (Bankruptcy Docket ("Bkr. Dkt."), 1-17-40816-nhl, Dkt. 1), "without first obtaining leave of [the] Court to do so" (September 14, 2017 Hearing ("Sept. Hrg."), Bkr. Dkt. 71, at 24:7-14). On June 2, 2017, Appellee field a motion to dismiss the case or, in the alternative, a motion to convert the case under Chapter 7. (Bkr. Dkt. 29.) The Bankruptcy Court held hearings on the motion on July 6, 2017 and September 14, 2017. (Bkr. Dkts. 46, 71.) On September 17, 2017, the Bankruptcy Court granted Appellee's motion to convert the case (Bkr. Dkt. 59) based on "the history [of the case], [Appellant's] failure to make proper disclosure in operating reports, the lack of any progress in this case towards sale in six months and any apparent progress on the record[,] [a]nd the fact that . . . this case violates an injunction that was issued in 2010" (Sept. Hrg., at 23:12-17). Appellant filed a timely notice of appeal on September 27, 2017. (Bkr. Dkt. 63.)

---

[1] Appellant is also subject to a number of state court filing injunctions. (Appellee's Br., Dkt. 6, at 6-8.)

**STANDARD OF REVIEW**

This Court reviews the Bankruptcy Court's legal conclusions *de novo*, and its factual findings for clear error. *Giaimo v. DeTrano (In re DeTrano)*, 326 F.3d 319, 321 (2d Cir. 2003). A bankruptcy court's decision to convert or dismiss a chapter 11 case under 11 U.S.C. § 1112(b) is reviewed for abuse of discretion. *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1312 (2d Cir. 1997). A court abuses its discretion when its decision "rests on an error of law . . . or a clearly erroneous factual finding, or . . . cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 169 (2d Cir. 2001).

**DISCUSSION**

A Chapter 11 bankruptcy case "may be converted to a Chapter 7 case[2] or dismissed on request of 'a party in interest,'[3] whichever is in the best interest of creditors and the estate." *In re AdBrite Corp.*, 290 B.R. 209, 214 (Bankr. S.D.N.Y. 2003) (citing 11 U.S.C. § 1112(b)). Under Section 1112(b) of the Bankruptcy Code, a bankruptcy court may convert a case under Chapter 11 to Chapter 7 for "cause", which the movant has the burden of establishing. *Id.* at 216. Section 1112(b)(4) "contains sixteen examples of events that may constitute cause. This list, however, is not exhaustive and [bankruptcy] courts are free to consider other factors", *In re BH S&B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (internal quotation marks omitted), including bad

---

[2] *See In re Kane & Kane*, 406 B.R. 163, 167-68 (Bankr. S.D. Fla. 2009) ("In Chapters 11, 12 and 13, the debtor is allowed to remain in possession of its assets, and in control of its business, while it has the opportunity to formulate and confirm a proposed plan. . . . In Chapter 7, however, the debtor surrenders possession and control of its property to a trustee, . . . and proceedings usually move much more quickly[.]") (citations and internal quotation marks omitted).

[3] Section 1109(b) provides "a nonexclusive list of who may be a party in interest. Generally, a party in interest includes the debtor, a creditor, an equity security holder, a creditors' or equity security holders' committee, the trustee, and any indenture trustee." *In re AdBrite Corp.*, 290 B.R. 209, 214 (Bankr. S.D.N.Y. 2003).

faith, *In re Blumenberg*, 263 B.R. 704, 714 (Bankr. E.D.N.Y. 2001). Once cause for relief is shown, "the [Bankruptcy] Court has broad discretion to either convert or dismiss the Chapter 11 case. Although this discretion is not completely unfettered, the [Bankruptcy] Court is not required to give exhaustive reasons for its decision." *In re AdBrite Corp.*, 290 B.R. at 216. Here, the Bankruptcy Court did not abuse its discretion in converting Appellant's Chapter 11 case.

The Bankruptcy Court's finding that Appellant's filing of the bankruptcy petition was in bad faith, and a clear violation of the EDNY Injunction, was sufficient to constitute "cause" for conversion under Section 1112(b). (*See* Sept. Hrg., at 23:12-17.) A "debtor's filing history is always relevant to a determination of an abusive bankruptcy agenda." *In re Mourouzidis*, No. 14-21564 (ASD), 2014 WL 6963880 *2 (Bankr. D. Conn. Dec. 8, 2014); *see also In re Blumenberg*, 263 B.R. at 714 ("[C]hapter 11 cases filed in bad faith are usually dismissed immediately as bad faith filings under section 1112(b) or otherwise converted to chapter 7 cases[.]"); *In re Adler*, 329 B.R. 406, 410 (Bankr. S.D.N.Y. 2005) ("Under section 1112(b), the Court may find cause for dismissal if there has been a lack of good faith."); *In re Coffee Cupboard, Inc.*, 119 B.R. 14, 17 (Bankr. E.D.N.Y. 1990). Appellant's blatant violation of the EDNY Injunction is underscored by the fact that, in the seven months between the filing of her Chapter 11 petition and the Court's conversion order, Appellant filed five *pro se* adversary proceedings in various courts without seeking or obtaining permission of the respective courts—including actions against the Attorney General of the State of New York, various New York Supreme Court officials, her mortgagees, the mortgagees' employees, and her and Martin's foreclosure and bankruptcy attorneys. (*See* Bkr. Dkts. 25, 31, 36, 48, 49; *see also* July 6, 2017 Hearing ("July Hrg."), Bkr. Dkt. 46, at 64:3-8, 104:14-19.) Finally, although Appellant argues that the EDNY Injunction should not apply to the underlying bankruptcy action because she was represented by counsel (Appellant's Reply Br., Dkt.

9, at 3-4), the Court rejects this argument as an inappropriately narrow reading of the broad injunction against her, *Jenkins*, 2010 WL 5071995, at *3 ("Plaintiff is hereby enjoined from filing or intervening in *any* future action in the federal courts without first obtaining leave of court to do so.") (emphasis added).[4]

Additionally, Appellant, along with Martin, acted in bad faith during the bankruptcy proceeding by refusing to disclose information requested by the Trustee and the Bankruptcy Court. *See* 11 U.S.C. § 1112(b)(4)(H) (stating that cause exists where the debtor fails "timely to provide information . . . reasonably requested" by the United States Trustee); *cf. In re Johnson*, 228 B.R. 663, 667 (Bankr. N.D. Ill. 1999) (finding that "Debtor's failure to disclose . . . to the Chapter 13 Trustee, justif[ied] . . . conversion in light of Debtor's abuses."). As Judge Nancy H. Lord explained during the July 6, 2017 hearing, Appellant and Martin allegedly "made [legal] arrangements over, I don't know how many years" with each other, but refused to disclose them to the Bankruptcy Court, claiming, "it's not anybody's business. And that would be all well and good, but for the fact that they filed a Chapter 11. And when you file a Chapter 11 . . . it becomes everybody's business." (July Hrg, 29:19-22.) Later in the hearing, Judge Lord said to Martin, "[i]t's like this case is like a -- I don't mean a façade in a negative way, a neutral way. This case

---

[4] Moreover, the fact that Appellant was represented by counsel and still, along with Martin, acted in bad faith, as discussed *infra*, supports a broad reading of the EDNY Injunction. As Bankruptcy Judge Lord said to Martin during a hearing on July 6, 2017, "You're using the [Appellant's] bankruptcy court to protect your litigation position." (July Hrg., at 133:19-20; *see also id.* at 54:24-55:5 (Judge Lord [to Appellant's counsel]: "Well, but it's problematic to me that you didn't know the trust exists [between Appellant and Martin]. . . . That's very problematic. You're the Debtor's lawyer. You should be told what the deal is, good, bad or indifferent."); Sept. Hrg., 25:2-5 (Martin: "And the primary party-in-interest here is me and there's no secret about that, and the U.S. Trustee has been attacking me through the debtor. This has been a constant war with the U.S. Trustee's Office.").) In fact, to the extent that Martin was trying to use Appellant to litigate on his behalf, Martin has likely violated the filing injunction issued against him. *See generally In re Martin–Trigona,* 592 F. Supp. 1566 (D. Conn. 1984).

is a façade for what really is going on. . . . [Y]ou can't swear to statements that are one way, and then say, 'Well, it's really not that way.'" (*Id.* at 44:25-45:11; *see also id.* at 49:15-16, 50:10-15, 52:17-22; Sept. Hrg., 19:17-24, 26:6-11.)  Appellant and Martin's only response to these arguments are *ad hominem* attacks against all of the parties involved. (*See, e.g.*, Dkts. 5, 9; Sept. Hrg., 24:18-25:5.)  Whether Appellant is "following Mr. Martin-Trigona's directions, or she is acting on her own" in this litigation, "her abuse of the judicial process cannot be tolerated." *Jenkins*, 2010 WL 3861050, at *7; (*see also* July Hrg., 126:17-21).

Having found "cause" for relief under Section 1112(b), the Bankruptcy Court had "broad discretion to either convert or dismiss the Chapter 11 case." *In re AdBrite Corp.*, 290 B.R. at 216. Appellant has put forth no legal argument that the Bankruptcy Court abused its discretion in converting the case.  Furthermore, this Court finds that the Bankruptcy Court sufficiently articulated its reasons for why conversion was in the "best interest of creditors and the estate." *Id.*; (*see, e.g.,* Sept. Hrg. 27:5-7 ("[I]f sale is the objective, that can be accomplished by a Chapter 7 Trustee.").)

## SANCTIONS

The Court has considered imposing sanctions on Appellant for violating the EDNY Injunction, but declines to do so at this time. *Jenkins*, 2010 WL 5071995, at *3 ("Failure to comply with the terms of [the EDNY Injunction] . . . may also be considered sufficient grounds upon which to levy additional sanctions on Plaintiff, including but not limited to fines, civil incarceration, and/or an award to opposing parties of their reasonable costs and attorneys fees.") Appellant is warned, however, that if she violates the EDNY Injunction again by filing or intervening in any future action before the undersigned without first obtaining leave of court to do so, she will be sanctioned.

## CONCLUSION

For the reasons stated above, the September 17, 2017 order of the Bankruptcy Court is affirmed. The Clerk of Court is respectfully requested to enter judgment and close this case accordingly.

SO ORDERED.

/s/Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: May 9, 2018
      Brooklyn, New York